```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

NATIONAL FIRE & MARITIME          :
INSURANCE CO., INC.,              :
   Plaintiff,                     :
                                  :
v.                                :   Civil No. 3:13CV291(AVC)
                                  :
NORMAN J. SALEM and MANHATTAN     :
UNDERWRITING AGENCY, LLC,         :
   Defendants.                    :
```

### MODIFIED PRELIMINARY INJUNCTION ORDER

This matter came on a hearing before the court on the plaintiff's emergency motion for a preliminary injunction order. Having considered motion, the memorandum of law in support thereof, the declarations of Maria Geyer and Joseph Casaccio, and the memorandum of law in support of the plaintiff's previous motion for a preliminary injunction (ECF No. 5.), the court finds, from the specific facts shown, that there is a likelihood that the plaintiff will succeed on the merits of its claims against the defendants and that the plaintiff will be irreparably harmed in the absence of modification to the court's previous preliminary injunction (ECF No. 22).

Accordingly, the emergency motion to modify the preliminary injunction order is hereby GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED that, pursuant to the court's March 19, 2013 order (ECF No. 22), Manhattan Underwriting Agency, L.L.C. and each of its agents, servants, employees and representatives,

and those persons acting in concert or participation with any of them, be preliminarily enjoined, until further order of this court, from:

- interfering in any way in National Indemnity Trust Company's rights and obligations under the Production Agreement (Ex. A to the Casaccio Affidavit);

- interfering in any way in the plaintiff's right to copy, inspect and audit records relating to Plaintiff's business pursuant to the Production Agreement;

- acting under color of the plaintiff's authority in any way;

- transferring, assigning, pledging, giving away or otherwise dissipating any premium funds that Defendants have collected or collect from the plaintiff's policy holders, except as so ordered by this court;

- destroying, altering, or changing in any way any and all records, including financial, relating to the plaintiff's business; and collecting any premiums on the plaintiff's behalf.

Manhattan Underwriting Agency is further ORDERED to direct any and all premiums received by it to National Indemnity Company and deposit with the court the entire balance of premium funds received by Manhattan Underwriting Agency on behalf of Plaintiff

and in Manhattan Underwriting Agency's possession or control by no later than April 22, 2013.

It is FURTHER ORDERED that Manhattan Underwriting Agency, L.L.C. and each of its agents, servants, employees and representatives, and those persons acting in concert or participation with them or any of them are directed to allow National Fire & Marine Insurance Company immediate access to all electronically stored information including all computer hard drives and electronic accounting systems, all records of all bank accounts, and all records relating to National Fire & Marine Insurance Company's insurance policies within their possession, custody or control.

It is FURTHER ORDERED that National Fire & Marine Insurance Company may, in the accompaniment of a U.S. Marshal, enter the property of Manhattan Underwriting Agency to access and copy the above described electronically stored information and records.

It is FURTHER ORDERED that any and all financial institutions who receive notice of this Order and all persons acting in concert or in participation with any of them are enjoined and restrained from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Manhattan Underwriting Agency, L.L.C. out of any accounts associated with or utilized by Manhattan Underwriting Agency, L.L.C except for the transfer of money into

accounts held by National Fire & Marine Insurance Company or National Indemnity Company or for deposit into the court as ordered by this court. Good cause having been shown, it is further ORDERED that the foregoing preliminary injunction shall issue without the posting of a bond by Plaintiff.

SO ORDERED, this 16th day of April, 2013.

_____/s/_____
Alfred V. Covello,
United States District Judge